**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JEANNINE KREPINEVICH,

                        Plaintiff,                  **REPORT AND**
                                                                               **RECOMMENDATION**
        - against -
                                                                               CV 03-4539 (SLT) (JO)

JPMORGAN CHASE BANK, et al.,

                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

I.    <u>Background</u>

On April 6, 2005, counsel for defendant JPMorgan Chase Bank ("Chase") submitted a letter-motion seeking involuntary dismissal of the instant case based on the repeated failures of *pro se* plaintiff Jeannine Krepinevich ("Krepinevich") to comply with her discovery obligations. Docket Entry ("DE") 42. On April 7, 2005, I ordered plaintiff Krepinevich to produce certain information to the defendants by April 12, 2005 (and ordered Chase's counsel to take certain steps to ensure that compliance was possible despite the short deadline). In so ordering, I cautioned the plaintiff "one last time that her ability to continue seeking relief in this lawsuit is at risk, and that failure to comply may result in the dismissal of her complaint." I further directed Chase's counsel to report on April 13, 2005, as to whether the plaintiff had complied, noting that if they reported she had not, I would "recommend dismissal without the need for further application." DE 43. Chase's counsel has submitted such a report, DE 45, and I therefore grant Chase's earlier application and recommend, for the reasons set forth below, that the court dismiss Krepinevich's complaint for failure to prosecute.

II. <u>Discussion</u>

In deciding whether to order the harsh sanction of involuntary dismissal of a case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice of the potential dismissal, whether the defendant is likely to be prejudiced by further delay, whether dismissal strikes the proper balance between alleviating calendar congestion and protecting the plaintiff's fair chance to be heard, and whether lesser sanctions might be sufficient. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *see also Meyer v. United States*, 2002 WL 1868138, *2 (E.D.N.Y. June 26, 2002) (Hurley, J.). My recommendation takes all of these considerations into account.

First, the duration of Krepinevich's failure to meet her obligations in this case, both with respect to discovery and other matters, is essentially equal to the duration of the case itself. Krepinevich has repeatedly missed deadlines, failed to provide required discovery, and failed to appear at court proceedings. *See* DE 4, DE 29, DE 32, DE 33, DE 39, DE 41, DE 42, DE 45. Second, I and others have repeated warned Krepinevich that her inattention to this case could result in dismissal. *See* DE 4, Endorsement on DE 5, DE 24, DE 31, DE 41, DE 43. Third, the likelihood of prejudice to the defendants is not insignificant: as things currently stand, they must continue to monitor this litigation against the eventuality of Krepinevich's participation, and must continue to incur the legal fees associated with having their counsel appear at or request the adjournment of status conferences that Krepinevich cannot be relied upon to attend. Finally, I believe that dismissal does strike the correct balance of interests and that less severe sanctions are insufficient. Based on the record to date, which includes attempts to respond to Krepinevich's

failures with lesser sanctions, there is no reasonable basis to expect better compliance from the plaintiff in the future, and no sanction short of dismissal will protect the defendants' legitimate interest in seeing this case to a just and speedy conclusion.

III.     Recommendation

For the reasons set forth above, I recommend that the court dismiss the complaint with prejudice based on plaintiff Krepinevich's failure to prosecute.

IV.     Objections

This Report and Recommendation will be filed via the court's Electronic Case Filing system, and defendant Chase is directed to serve a copy of it on Krepinevich by certified mail and to file proof of service with the court.[1]  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
          April 14, 2005                                                  /s/ James Orenstein
                                                                                    JAMES ORENSTEIN
                                                                                    U.S. Magistrate Judge

---

[1] I note that in serving my previous order on Krepinevich via overnight delivery as required, Chase authorized its courier service to deliver it without obtaining a signature from Krepinevich. DE 44 at 2.  By so doing, it frustrated the obvious goal of ensuring an unequivocal record that Krepinevich had adequate notice of the risk of non-compliance.  Chase's haste means that Krepinevich may yet object that she did not actually receive my prior order and that she should be given yet another chance to meet her discovery obligations.  Should she timely make such an objection after receiving this report, I recommend it be sustained.