UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEANNINE KREPINEVICH,

                        Plaintiff,                  03 CV 4539 (SLT) (JO)
  -against-

                                                                             MEMORANDUM
                                                                                   &amp; ORDER
JP MORGAN CHASE BANK, et. al.,

                        Defendants,
-----------------------------------------------------------X

TOWNES, District Judge:

       On September 8, 2003, Plaintiff *pro se* Jeannine Krepinevich ("Plaintiff") commenced this action against defendants JP Morgan Chase Bank, Robert Riker, and Barabara Smalls (collectively the "Defendants"). In her form complaint, she alleged the Defendants discriminated against her during her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et. seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et. seq.

       By letter dated April 6, 2005, counsel for defendants JP Morgan Chase and Robert Riker ("Chase")[1] moved the Court to involuntarily dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Plaintiff has repeatedly failed to comply with discovery requests. (Dkt. No. 42) The next day, the Magistrate Judge James Orenstein ordered Plaintiff to produce certain documents by April 12, 2005. (Dkt. No. 43) In this order, Judge Orenstein advised Plaintiff that this was her last chance to protect her ability to proceed with this action, and that failure to comply "may result in the dismissal of her complaint." *Id.* The order further directed Chase to inform the Court whether Plaintiff had complied with the Court's order

---

[1] Defendant Barbara Smalls has not appeared in this action.

by April 13, 2005. *Id.* Chase submitted a timely report. (Dkt. No. 45.) The next day, Magistrate Judge Orenstein issued a Report and Recommendation (the "Report") recommending that the Court dismiss Plaintiff's complaint for failure to prosecute.

In the Report, Magistrate Judge Orenstein ordered Chase to serve a copy of the Report on Plaintiff. On April 18, 2005, Chase filed proof of service by certified mail. (Dkt. No. 47.) On May 2, 2005, Chase filed partial objections to the Report. (Dkt. No. 50.) Over a week later, it informed the Court that the United States Postal Service returned the Report sent to Plaintiff because she failed to claim the package. (Dkt. No. 51.) Judge Orenstein ordered Chase to contact Plaintiff by telephone, and extended the deadline for objections until service was effected. (Dkt. No. 52.) By letter dated June 21, 2005, Chase informed Judge Orenstein that its multiple attempts to contact Plaintiff via telephone had been unsuccessful, and requested that it be able to serve Plaintiff by other means. (Dkt. No. 52.) On June 22, 2005, Judge Orenstein granted this request. (Dkt. No. 53.) On July 11, 2005, Chase served the Report on Plaintiff via first class mail. (Dkt. No. 54.) Objections were due by July 28, 2005. As of this date, the Court has not received any objections to the Report from Plaintiff.

*Standard of Review*

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. *See id.*

The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). In addition, failure to file timely objections operates as a waiver of the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, Judge Orenstein recommended that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b). In the Report, he stated that by serving his April 7, 2005 order via overnight delivery and waiving the signature requirement, Chase had "frustrated the obvious goal of ensuring an unequivocal record that Krepinevich had adequate notice of the risk of noncompliance." (Report at 3 n.1.) He then recommended that if Plaintiff made an objection to the Report based on failure to receive this order, it should be sustained. *Id.* Chase timely objected to this recommendation, claiming that their service via overnight delivery was reasonable in light of the deadlines set forth in the order. Because Plaintiff has not filed any objections to the Report, Chase's objection is moot. Thus, upon review of the recommendation, this Court adopts and affirms the Report and Recommendation of Magistrate Judge Orenstein. Plaintiff's complaint is hereby dismissed.

**SO ORDERED**.

_____/s/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Brooklyn, New York
Dated: August 2, 2005